LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. GEORGE W. CROXTON, *Defendant in Error.*

1.  Where the materiality of a question does not appear, the court will not be held in error in sustaining an objection to it.

2.  Error if any in the admission of mortality tables in evidence to show the life expectancy of an injured plaintiff, is harm-

less, where there is evidence of a serious injury and the court charges the jury that. such tables are to be considered only in the event of a finding of permanent injury caused by the defendant's negligence.

3.  A charge substantially in the language of Section 3148, General Statutes of 1906, is not erroneous.

4.  Charges examined and found not subject to criticisms made of them.

5.  In refusing to give a charge that "the burden is on the plaintiff Croxton, to establish by a preponderance of the 'evidence that he received the injury in the manner set forth in the declaration," no error was committed where the court had already charged the jury that "the burden of proof in the first instance is upon the plaintiff to prove by a preponderance of the evidence that he received the injury by the starting of the cars as alleged in the declaration."

Writ of error to the Court of Record of Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for Plaintiff in Error;

*R. P. Reese* and *J. P. Stokes,* for Defendant in Error.

WHITFIELD, C. J.—George W. Croxton brought an action in the Court of Record for Escambia County in which the declaration alleges that on March 15, 1911, the plaintiff purchased a ticket whereby he was entitled to ride as a passenger on a train of the Louisville and Nashville Railroad Company, a common carrier of passengers for hire; that while he was in the act of boarding the train

and was upon the steps of the car and before he had suc-
ceeded in getting on the platform of said car, the de-
fendant by its agents and servants, carelessly and negli-
gently started said car forward, thereby forcibly and vio-
lently throwing the plaintiff at and against a certain rail-
ing on the platform of the car, whereby plaintiff was
given divers and sundry wounds and bruises at and upon
his person, and a certain rupture with which the plaintiff
was then suffering was thereby greatly aggravated, from
the effects of which plaintiff has suffered, and continues
to suffer, and will hereafter suffer intense pain in body
and mind, and on account thereof, plaintiff has lost much
time from his vocation and the consequent loss of earnings
which he would have otherwise received, and plaintiff has
paid and expended much money, and has obligated him-
self for medical and doctor's bills in and about the treat-
ment of himself, and plaintiff is permanently disabled,
and claims damages in $10,000.00.  Trial was had on a
plea of not guilty, and a verdict and judgment for
,000.00 were rendered in favor of the plaintiff.  A mo-
tion for new trial was denied and the defendant on writ
of error assigns and argues as error the ruling on the
admissibility of certain evidence, and the giving and re-
fusing of specified charges.

At the trial a witness for the defendant testified that
he knew the conductor on the train on which the plain-
tiff was injured and that the conductor was then in Hot
Springs, Ark.  Thereupon the witness was asked, "Do
you know what he has gone there for?"  The plaintiff's
objection to this question was sustained and the defend-
ant excepted.  It is suggested in the brief for the plain-
tiff in error that the question should have been allowed
since it was expedient for the railroad company to show
not only that the conductor was absent from the State,

but that his absence was not due to any act of the company, and that the absence of the conductor as a witness furnished food for argument to the attorneys for the plaintiff below. It does not appear that an aswer to the question would be material. The absence of the conductor was not imputed to the defendant, and the bill of exceptions does not show that any reference to his absence was made in the argument of counsel or otherwise. Error, if any, in the ruling is not made to appear.

Over the objection of the defendant the court permitted the American Mortality Tables printed in 20 Am. & Eng. Ency. Law (2nd ed.) 885, to be read in evidence to show the life expectancy of a man of 51 years, the age of the plaintiff. It is urged that this was error because the plaintiff was not shown to have been of sound body at the time of the injury, or that the alleged injury is permanent or lasting. Before the injury the plaintiff was in good health except that he had been ruptured since his you[...] He testified: "The rupture never bothered me before I w[...] injured. I could carry sacks of guano, roll logs and [...] anything that I wanted to do. It did not pain me any. "Before I was hurt I could roll logs, carry sacks of guan[...] and farm all day, since that time I can't pick up anything Seems like something broke loose in my side."

In view of the nature of the injury which greatly aggravated the hernia and its consequences it does not appear that the admission of the mortality tables, if error, was harmful to the defendant. This is particularly so since the court charged the jury as follows: "The mortality tables are offered in evidence to show the probable duration of the life of a man of 51 years, to be 20 years. This evidence is only to be considered by you in the event that you find that plaintiff was permanently injured by a fall which he alleges he received as a result of defend-

ant's negligence. If you believe from the evidence that he can be cured by an operation then you will disregard the evidence of the mortality tables."

The court gave the following charges:

"If you find from the evidence that the plaintiff was damaged as alleged in the declaration, by the movement of the car of the defendant, then the defendant is liable for such damage, unless the defendant shall make it appear from the evidence that its agents have exercised all ordinary and reasonable care and diligence, the presumption being against the defendant."

"If, after a consideration of all the evidence, you find that plaintiff was injured as alleged by the running of the defendants cars but the evidence is equally balanced in your minds between negligence and freedom from negligence on the part of the defendant, your verdict must be for the plaintiff."

"In estimating the plaintiff's damages, if the jury find for the plaintiff, it is proper for the jury to estimate the effect of the injury in the future upon plaintiff's physical condition, if any, as well as the effect it has had upon him already, and the bodily pain and suffering and the mental suffering, past, present and future, endured by him as the result of the injuries received by him, and all necessary expenses and damages, present and future, which can be treated as a necessary result of the injuries, if any, inflicted upon plaintiff by the defendant."

As the first charge quoted above is practically the language of the statute it is not erroneous.

The second of the quoted charges is not subject to the criticism made that it permits a recovery upon proof merely that plaintiff was injured by the running of the defendant's car, whether the injury occurred in the manner set forth in the declaration or not, since the charge

permits a recovery only if the jury find the plaintiff was injured and damaged as *alleged*.

The last of the quoted charges is not made inapplicable upon the theory that there was no sufficient evidence of permanent injury caused by a negligent act of the defendant, or that it assumed the injury. An injury was clearly established by the evidence and the charges were not subject to the objections made.

In refusing to give a charge that "the burden is on the plaintiff Croxton, to establish by a preponderance of the evidence that he received the injury in the manner set forth in the declaration," no error was committed as the court had already charged the jury that "the burden of proof in the first instance is upon the plaintiff to prove by a preponderance of the evidence that he received the injury by the starting of the cars as 'alleged in the declaration."

No other points are presented.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.